UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS INDUSTRIAL & MECHANICAL CONTRACTORS, LLC | CIVIL ACTION |
| VERSUS | NO. 20-1102 |
| JEFFREY JUSTICE, ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendants' partial motion to dismiss plaintiff's claims for breach of contract, breach of fiduciary duty, and treble damages under the Louisiana Unfair Trade Practices Act.[1]  Because plaintiff has alleged facts sufficient to state a claim for breach of contract and for breach of fiduciary duty, the Court denies defendants' motion as to those claims.  But because plaintiff has failed to allege that defendants' actions continued after notice from the Louisiana Attorney General, the Court grants defendants' motion to dismiss plaintiff's claim for treble damages.

## I.   BACKGROUND

This case arises from a business dispute.  Steve Thomas formed Thomas Industrial & Mechanical Contractors, LLC, a business that installs

---

[1]   R. Doc. 6.

air purification equipment.[2]  He hired Jeffrey Justice, Sandra Justice, and Lamar Kerry Davis to work with his business.[3]  According to plaintiff, these employees engaged in fraudulent actions.  Plaintiff alleges that the employees formed a separate company, Advanced Industrial & Mechanical, LLC, and diverted business opportunities to the new company from Thomas Industrial.[4]  Plaintiff also alleges that one of the defendants stole a piece of equipment known as an Easy-Laser.[5]  On March 8, 2019, Thomas terminated all three employees.[6]

Plaintiff sued the former employees and Advanced Industrial, alleging claims for breach of the Louisiana Unfair Trade Practices Law, conversion, breach of contract, and breach of fiduciary duty.[7]  Defendants move to dismiss plaintiff's claims for breach of contract, breach of fiduciary duty, and treble damages under LUTPA.[8]

---

[2]   R. Doc. 1-1 at 2-3 ¶¶ 5, 8.
[3]   *See id.* at 3 ¶ 9.
[4]   *See* R. Doc. 1-1 at 4-5 ¶¶ 15-22.
[5]   *See id.* at 7-8 ¶¶ 28-31.
[6]   *See id.* at 5 ¶ 21.
[7]   *See generally* R. Doc. 1-1.
[8]   R. Doc. 6.

## II. LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must dismiss the claim if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or

an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

### III. DISCUSSION

#### A. Breach of Contract

##### 1. *Breach of the Duty of Good Faith*

Defendants argue that plaintiff's breach of contract claim should be dismissed because it is only a claim for breach of the duty of good faith, which cannot exist as a freestanding claim. Defendants are correct that breach of the duty of good faith claims can exist only when a party has violated an independent contractual obligation. *See Favrot v. Favrot*, 68 So. 3d 1099, 1109 (La. App. 4 Cir. 2011) ("[W]e do not examine a party's good faith (or bad faith) *unless or until* we find that the party has failed to perform an obligation, from which the obligee has sustained damages.").

Here, however, plaintiff alleges that defendant also breached "[a]n implied requirement that they work for the best interests of Thomas Industrial & Mechanical Contractors, LLC."[9] Defendants' briefing ignores that plaintiff pleaded that this term of the contract existed. And a breach of

---

9   R. Doc. 1-1 at 8 ¶ 34.

4

this separate term of the contract could give rise to a claim for breach of the duty of good faith and fair dealing.

Moreover, plaintiff alleges that defendants diverted sales, altered Thomas Industrial's Certificate of Liability to forge a Certificate of Liability for Advanced Industrial, and entered into contracts with customers of Thomas Industrial on behalf of Advanced Industrial.[10]  These alleged facts sufficiently allege that defendants' breach of the duty to act in plaintiff's best interest was in bad faith, as they suggest "actual or constructive fraud or a refusal to fulfill contractual obligations, not an honest mistake as to actual rights or duties." *Bd. of Sup'rs of La. State Univ. v. La. Agr. Fin. Auth.*, 984 So. 2d 72, 80 (La. App. 1 Cir. 2008).  Defendants' motion to dismiss plaintiff's breach of contract claim on these grounds is therefore denied.

    2.    *Timeliness*

Defendants also move to dismiss plaintiff's breach of contract claim as time-barred.  Defendants argue that plaintiff's claim should be viewed as a delictual action, which would be subject to a prescriptive period of one year. *See* La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year.").  But "[b]reach of contract claims are personal actions subject to a prescriptive period of ten years." *Hotard's Plumbing,*

---

[10]    R. Doc. 1-2 at 5 ¶ 22.

5

*Elec. Heating & Air, Inc. v. Monarch Homes, LLC*, 188 So. 3d 391, 394 (La. App. 5 Cir. 2016) (citing La. Civ. Code art. 3499). Plaintiff's breach of contract claim is therefore not time-barred.

Defendants also move to dismiss any breach of contract claim plaintiff brings against Advanced Industrial. In its opposition, plaintiff clarifies it did not intend to bring such a claim against Advanced Industrial, but rather intended only to bring this claim against the individual defendants. The Court will therefore dismiss plaintiff's breach of contract claim against Advanced Industrial.

## B. Fiduciary Duty

Defendants also move to dismiss plaintiff's breach of fiduciary duty claim. They first argue that the individual defendants were only employees of Thomas Industrial, not managers or shareholders, and they therefore did not owe plaintiff a fiduciary duty. Defendants cite to a Louisiana statute that places a fiduciary duty only on members or managers of limited liability companies. *See* La. R.S. 12:1314 ("[A] member, if management is reserved to members, or manager, if management is vested in one or more managers . . . [s]hall be deemed to stand in a fiduciary relationship to the limited liability company and its members and shall discharge his duties in good faith.").

But Louisiana courts have separately found that employees owe their employer a fiduciary duty, based not on Louisiana corporation statutes, but on the nature of the employer-employee relationship. *See, e.g., Harrison v. CD Consulting, Inc.*, 934 So. 2d 166, 170 ("Employees and/or manditaries owe a duty of fidelity to their employers and/or principals."); *Novelaire Technologies, L.L.C. v. Harrison*, 944 So. 2d 57, 63 (La. App. 5 Cir. 2008) ("In regard to the employee-employer relationship, an employee owes a duty to his employer to be loyal and faithful to the employer's interest in business."). Plaintiff therefore states a breach of fiduciary duty claim against the individual defendants.

In their reply, defendants abandon the argument that they did not owe plaintiff fiduciary duties. Instead, defendants assert that plaintiff's fiduciary duty claim "collapses" into plaintiff's LUTPA claim, and it therefore should be dismissed. But while plaintiff's fiduciary duty and LUTPA claims arise from the same conduct of defendants, plaintiff must prove different elements for each claim. To prevail on a breach of fiduciary duty claim, a plaintiff must prove "fraud, breach of trust, or an action outside the limits of the fiduciary's authority." *Novelaire Technologies* at 63-64. A LUTPA claim, on the other hand, requires a plaintiff to prove "unfair methods of competition and unfair or deceptive trade practices" that "offend[] established public policy and

7

[are] immoral, oppressive, unscrupulous, or substantially injurious." *Cheramie Servs., Inc. v. Shell Deepwater Prod.*, 35 So. 3d 1053, 1058-59 (La. 2010) (citing *Moore v. Goodyear Tire & Rubber Co.*, 364 So. 2d 630, 633 (La. App. 2 Cir. 1978)). Therefore, proving a breach of fiduciary duty claim does not require proving a LUTPA claim, or vice versa.

The cases defendants cite to are not to the contrary. Defendants first cite to *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483 F. Supp. 2d 521, 535 (E.D. La. 2007), which merely examined the LUTPA and breach of fiduciary duty claims together in considering a motion for summary judgment, as they arose from the same conduct. Defendants also cite to *Perfect Co. v. Essex Ins. Co.*, No. 07-7642, 2010 WL 2835889 (E.D. La. July 15, 2010). But that case examined two statutes in the Louisiana Insurance Code that are mutually exclusive in that plaintiff cannot recover under both statutes. *See Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000). These cases therefore do not support defendants' position.

Defendants also move to dismiss any breach of fiduciary duty claim plaintiff brings against Advanced Industrial. In its opposition, plaintiff clarifies that it did not intend to bring such a claim against Advanced Industrial, but intended only to bring this claim against the individual

8

defendants. The Court will therefore dismiss plaintiff's breach of fiduciary duty claim against Advanced Industrial.

### C. Treble Damages under LUTPA

Finally, defendants move to dismiss plaintiff's claims for treble damages under LUTPA. The LUTPA statute states that "[i]f the court finds the unfair or deceptive method, act, or practice was knowingly used, *after being put on notice by the attorney general*, the court shall award the person bringing such action three times the actual damages sustained." La. R.S. 51:1409 (emphasis added).

Here, plaintiff does not allege that defendants' actions that give rise to the LUTPA claim were committed after they received notice from the attorney general. Rather, plaintiff argues that it has sent a copy of the suit to the attorney general with a request to send a notice to defendants, and it has not yet received a response.[11]

Courts have squarely held that a plaintiff must affirmatively plead that a defendant's conduct has persisted after notice from the attorney general of a LUTPA violation in order to adequately plead a claim for treble damages. *See, e.g.*, *F&M Mafco, Inc. v. Ocean Marine Contractors, LLC*, No. 18-5621, 2019 WL 3306521, at *6 (E.D. La. 2019) ("Because [plaintiff] . . . fails to allege

---

11      *See* R. Doc. 7 at 10.

in its counterclaim that the attorney general has put ECapital on notice of a LUTPA violation, F&M fails to state a claim for treble damages under LUTPA."); *Andretti v. Sports Mktg. La. LLC v. NOLA Motorsports Host Comm., Inc.*, 147 F. Supp. 3d 537, 571 (E.D. La. 2015) (finding that a plaintiff failed to state a claim for treble damages when plaintiff did "not allege anywhere in its complaint or in any amended complaint that the attorney general has put the defendants on notice of a LUTPA violation, as required by the statute in order to be entitled to treble damages.").

Louisiana courts have reasoned that notice from the attorney general serves the purpose of a "cease and desist" notice, after which continued violation of LUTPA triggers liability for treble damages. *See Rincon v. Owens Collision & Repair Serv. Ctr.*, No. 2019-0383, 2018 WL 4520384, at *6 (La. App. 1 Cir. Sept. 21, 2018). Thus, notice from the attorney general is an essential element of the claim for treble damages and must be alleged in the complaint. And because plaintiff has not pleaded that the attorney general put defendants on notice of a LUTPA violation, plaintiff's claim for treble damages must be dismissed.

In an effort to resist this conclusion, plaintiff cites to three cases where courts have awarded treble damages when the defendants received notice from the attorney general only after the commencement of the suit. As an

10

initial matter, it is not clear that the issue presented here—whether a plaintiff must affirmatively plead that defendants engaged in acts violating LUTPA after receiving notice from the attorney general—was raised in those cases.

Moreover, these cases are distinguishable, as they involve ongoing violations of LUTPA that persisted past the date when the attorney general gave notice to the defendants. *See AIM Business Capital L.L.C. v. Reach Out Disposal,* No. 13-241, 2014 WL 1401526, at *3 (W.D. La. Apr. 8, 2014) (finding that treble damages appropriate because "[a]fter notification for the Louisiana Attorney General's Office, [defendant] failed to pay AIM on outstanding invoices it verified"); *Hadassa Investment Security Nigeria, Ltd. v. Swiftships Shipbuilders, LLC*, No. 13-2795, 2016 WL 156264, at *7 (W.D. La. Jan. 11, 2016) (finding treble damages appropriate when the attorney general had given defendants notice, and defendants continued to withhold a deposit for a ship); *McFadden v. Import One, Inc.*, 56 So. 3d 1212, 1223-24 (La. App. 3 Cir. 2011) (finding treble damages appropriate when the attorney general had given defendants notice of a LUTPA violation, and defendants continued to retain plaintiff's car in violation of the statute).

Here, the conduct underlying plaintiff's LUTPA claim is tied exclusively to actions defendants took before being terminated from Thomas

Industrial on March 8, 2019.[12] The violations are therefore not ongoing, which distinguishes this case from those cited by plaintiff. The Court therefore grants defendants' motion to dismiss plaintiff's LUTPA claim for treble damages.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART defendants' motion. Plaintiff's claims against Advanced Industrial for breach of contract and breach of fiduciary duty, as well as plaintiff's claim against defendants for treble damages under LUTPA, are DISMISSED WITH PREJUDICE. Defendants' motion to dismiss plaintiff's remaining breach of contract and breach of fiduciary duty claims as to Jeffrey Justice, Sandra Justice, and Lamar Kerry Davis is DENIED.

New Orleans, Louisiana, this __23rd__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[12] *See, e.g.*, R. Doc. 1-1 at 5 ¶¶ 21-22.