UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOMAS INDUSTRIAL & MECHANICAL CONTRACTORS, LLC | * | CIVIL ACTION |
| | * | NO. 20-1102 |
| VERSUS | | |
| | * | SECTION "R" (2) |
| JEFFERY JUSTICE, ET AL. | * | |

## ORDER AND REASONS

Pending before me is a Motion to Reconsider (or for clarification) (ECF No. 43) filed by Defendants Jeffery Justice, Sandra Justice, Lamar Kerry Davis and Advanced Industrial & Mechanical, LLC with regard to this Court's April 21, 2021 Order and Reasons (ECF No. 42). Plaintiff Thomas Industrial & Mechanical Contractors, LLC ("Thomas Industrial") timely filed an Opposition Memorandum. ECF No. 44. Defendants sought leave and filed a Reply Memorandum. ECF No. 47. Having considered the record, the submissions and arguments of counsel, and the applicable law, IT IS ORDERED that Defendants' Motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.   BACKGROUND

The background of this matter is more fully set forth in this Court's prior order. *See* ECF No. 42, at 1–2. Briefly, Defendants worked for Plaintiff until their termination on March 8, 2019. Plaintiff asserts claims for unfair trade practices, conversion, breach of contract and breach of fiduciary duty alleging that Defendants engaged in fraud, misrepresentation, deception, and other unethical conduct and diverted business opportunities from Plaintiff to their new company. Plaintiff contends that it suffered losses in excess of $450,000 in sales as well as other financial losses. Defendants deny the allegations.

In response to Plaintiff's subpoenas duces tecum issued to ten third-parties seeking 13 categories of documents, Defendants filed a Motion to Quash. *See* ECF No. 26. Similarly, Defendants sought to quash Plaintiff's Rule 30(b)(6) deposition notice. *See* ECF No. 30. After reviewing the applicable law, on April 21, 2021, this Court rejected Defendants' contention that post-March 8, 2019 information was irrelevant to the claims or defenses in this case because there was no non-compete agreement. ECF No. 42, at 11. Rather, the Court recognized that post-March 8, 2019 information is relevant as Plaintiff contends it lost customers due to Defendants' misconduct and the loss of customers continued after their March 8, 2019 termination and would not have occurred absent their misconduct, rendering post-March 8, 2019 evidence relevant. *Id.* However, the Court also recognized that the need for certain post-termination information did not render *all* post-termination information sought relevant. ECF No. 42, at 11. The Court modified the subpoenas duces tecum to, among other things, require Defendants to produce certain post-March 8, 2019 documents only relating to the relevant party or any of Plaintiff's customers or former customers for subpoena duces tecum Item Nos. 10, 11, 12, and 13 and areas of inquiry Nos. 6, 8, and 9. *Id.* at 12. The Court also directed the parties to negotiate an agreed protective order that includes both a confidential and highly confidential designation to address any particularly sensitive documents that deserve even greater protections than a normal confidentiality designation.

Defendants ask the Court to reconsider its ruling that documents responsive to "Subpoena duces tecum Nos. 2, 4, and 7 must be produced through present" (*id.* at 12). ECF Nos. 43-1, at 3–5. Defendants ask the Court to limit those requests, as the Court did for other requests, to only include documents relating to customers Plaintiff possessed prior to March 8, 2019. ECF No. 43-1, 3–6. Defendants also request the Court to address Area of Inquiry No. 7 on which the Court did

not rule in its previous Order. *Id.* Defendants argue it should be limited to accountants utilized by Plaintiff prior to March 8, 2019. ECF No. 43-1, at 6–7.

In their Opposition, Plaintiff argues that limiting these requests to customers of Plaintiff prior to March 8, 2019 essentially allows the Defendants to unilaterally pick and choose which of its customers are "new," and harms Plaintiff's ability to determine its damages. ECF No. 44, at 2.

## II.   ANALYSIS

### A.   Subpoena Duces Tecum Items 2, 4 and 7

Defendants now seek clarification of this Court's April 21, 2021 Order regarding whether the Court intended that the required response to items 2, 4 and 7 be limited to responsive documents involving any of Plaintiff's customers or former customers whom Defendants performed services for after March 8, 2019 rather than all of Defendants' post-March 8, 2019 customers, including new customers who have never had a relationship with Plaintiff. Defendants' clarification is appropriate as this Court recognized that the relevant inquiry was activities of Defendants before March 8, 2019, as well as activities from March 8, 2019 through present for customers or former customers of Plaintiff. ECF No. 42, at 12 (addressing subpoena duces tecum item nos. 10, 11, 12 and 13 and Rule 30(b)(6) areas of inquiry nos. 6, 8 and 9). To the extent that this same limitation was unclear with regard to items 2, 4, and 7, it must be clarified: Plaintiff is not entitled to the information sought in items 2, 4, 6, 7, 8 and 9 for any customer of Defendants who is neither a current nor former customer of Plaintiff, as that information is not relevant to any claim or defense in this case.

### B.   Rule 30(b)(6) Inquiry No. 7

Defendants also seek clarification regarding Rule 30(b)(6) area of inquiry no. 7 regarding accountants. Defendants argue that this area of inquiry should be similarly limited to accountants

handling matters before March 8, 2019.  That argument, however, ignores the fact that some post-March 8, 2019 financial information (i.e., that related to Plaintiff's customers or former customers) is relevant through date.  Accordingly, the identity of accountants through date is proper.

C.  **The Protective Order**

Defendants ask that the Court approve its classification of all responsive materials as "attorneys' eyes only." ECF No. 43-1, at 7.  The Court will not, in advance and without the benefit of any evidence or argument as to any particular document, pre-judge the propriety of any specific designations as confidential or highly confidential.  This issue is simply not ripe.

The parties are again ordered to adhere to their professional responsibilities to cooperate with one another in discovery and confer on this issue.  For guidance, the Court notes that "attorneys' eyes only" designations are typically reserved for confidential information that, if disclosed, could result in substantial business harm to the competitive position of the producing entity or particularly sensitive trade secret or other nonpublic confidential technical, commercial, financial, personal or business information that requires protection beyond that afforded by a normal confidential designation.  The party designating documents as "Highly Confidential: Attorneys' Eyes Only" typically bears an obligation to use such designation judiciously and may employ such designation only if, in good faith, that party honestly believes the information should be entitled to highly confidential treatment rather than confidential treatment.

Additionally, the protective order should include the standard provision allowing a party who disagrees with a designation (whether confidential or highly confidential) to state the objection, triggering an obligation to engage in a good faith effort to resolve the dispute, after which the objecting party may challenge the designation in court. *See, e.g.*, Judge North's sample Protective Order, Section 8, at 6–7, available at https://www.laed.uscourts.gov/judges-

information/judge/honorable-michael-b-north.  Only after a proper review of each responsive information will Defendants be in a position to determine which documents would qualify as highly confidential versus confidential.  At that point, Plaintiff will have an opportunity to object, and if the parties are unable to resolve those objections after good faith efforts, Plaintiff will be entitled to challenge the designation in court.  Defendants' request to render a blanket finding, in advance, without the benefit of evidence is improper.

## III.   **CONCLUSION**

This Court did indeed intend that production of post-March 8, 2019 documents be limited to documents involving Plaintiff's customers or former customers, not any new customers acquired by Defendants, with no connection whatsoever to Plaintiff, after March 8, 2019.  That same reasoning, however, does not apply with regard to accounts who may have knowledge of post-March 8, 2019 financial information relating to Plaintiff's customers or former customers. Additionally, Defendants' request that this Court address the propriety of their "highly confidential" designation before Defendants even undertake the review of the documents and exercise, in good faith, its judgment to determine the propriety of a confidential versus highly confidential designation is entirely improper.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motions to Reconsider (or for Clarification) (ECF No. 44) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this ___25th___ day of May, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE