UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS INDUSTRIAL & MECHANICAL CONTRACTORS, LLC | CIVIL ACTION |
| VERSUS | NO. 20-1102 |
| JEFFERY JUSTICE, ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is plaintiff Thomas Industrial & Mechanical Contractors, LLC's ("Thomas Industrial") motion for contempt and entry of judgment and for attorney's fees.[1]  Defendants do not oppose plaintiff's motion.  The Court GRANTS plaintiff's motion.

## I.   BACKGROUND

This case arises from a business dispute.  Steve Thomas formed Thomas Industrial, a business that installs air purification equipment.[2] Defendants Jeffrey Justice, Sandra Justice, and Lamar Kerry Davis previously worked for Thomas Industrial.[3]  According to plaintiff, defendants were terminated on March 8, 2019, because of their fraudulent

---

[1]   R. Doc. 59.
[2]   R. Doc. 21 ¶ 5.
[3]   *Id.* ¶ 9.

actions.[4]  Specifically, plaintiff alleges that defendants diverted business opportunities from Thomas Industrial to a separate company, Advanced Industrial & Mechanical, LLC.[5] Plaintiff additionally alleges that defendants stole a piece of equipment from Thomas Industrial known as an "Easy-Laser."[6]

Plaintiff sued the former employees, asserting claims for unfair trade practices, conversion, breach of contract, and breach of fiduciary duty.[7] Defendants filed a counterclaim for unpaid wages and penalties.[8]  On December 13, 2021, the parties reached a confidential[9] settlement agreement before Magistrate Judge Donna Phillips Currault.[10]  This Court entered an order of dismissal, dismissing the lawsuit with prejudice, and retaining jurisdiction to enforce the settlement agreement.[11]  On February 23, 2022, the parties attended a second conference with Magistrate Judge Currault "to address outstanding issues regarding documentation of [the parties' settlement agreement]."[12]  Following the conference, the parties

---

[4]   *Id.* ¶ 21.
[5]   *Id.* ¶ 15.
[6]   *Id.* ¶ 30.
[7]   *Id.* ¶¶ 13-42.
[8]   R. Doc. 22 ¶ 13.
[9]   R. Doc. 57-1 ¶ 7.
[10]  R. Doc. 50.
[11]  R. Doc. 51.
[12]  R. Doc. 53 (Minute Entry).

memorialized their agreement in writing.[13] The final written settlement agreement was signed by the parties in April of 2022.[14] The settlement agreement required defendants to make an initial payment to plaintiff of $25,000 by Sunday, May 1, 2022.[15] Defendants are required to pay the remaining $100,000 in installments of $5,000 on the first of each month, beginning on June 1, 2022.[16]

On May 20, 2022, plaintiff filed a motion to enforce the settlement, in which he argued that the defendants had made no payments as of that date.[17] Defendants did not oppose plaintiff's motion. On July 18, 2022, the Court granted plaintiff's motion and ordered defendants to make payments consistent with the terms of the agreement, with interest from the due date, until paid in full.[18] The Court also retained jurisdiction over the matter to enforce payments as they become due to plaintiff.[19]

Plaintiff now moves for an order of contempt and entry of judgment.[20] In support of its motion, plaintiff contends that defendants have yet to make

---

[13]  *Id.*
[14]  R. Doc. 57-1 at 8-9.
[15]  *Id.* ¶ 1.
[16]  *Id.*
[17]  R. Doc. 57 at 1.
[18]  R. Doc. 58 at 7.
[19]  *Id.*
[20]  R. Doc. 59.

3

any of their required payments under the settlement agreement. Plaintiff thus seeks an order finding defendants in contempt of court, awarding plaintiff attorney fees, entering judgment for all amounts currently due, and retaining jurisdiction for enforcement as future installments become due.[21] Defendant contends that the current amount of attorney fees incurred for purposes of collecting payments under the settlement agreement was $995.50 as of the time it filed this motion. Defendants do not oppose plaintiff's motion. The Court considers the motion below.

## II.   DISCUSSION

Courts may use contempt proceedings "to either compel compliance or compensate a litigant resulting from the noncompliance." *Rousseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 687 (5th Cir. 2005). To prevail on a contempt motion, the movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain

---

[21]   *Id.*

4

from performing a particular act or acts with knowledge of the court's order." *Id.* (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995))." Accordingly, "the contempt power should only be invoked where a specific aspect of the injunction has been clearly violated." *Id.* at 383.

It is undisputed that the Court's July 18, 2022 order was in effect, that the order required defendants to make certain payments, and that defendants failed to comply with the Court's order. The Court thus finds that defendants are in contempt of the Court's order.

The Court further finds that an award of attorney's fees plaintiff has incurred in its efforts to enforce the settlement agreement is warranted. "Compensatory civil contempt reimburses the injury party for the . . . losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance." *Rousseau*, 130 F. App'x at 689. The Fifth Circuit has made clear that "[a]n award of attorney's fees is an appropriate sanction where," as here, "a party incurs additional expenses as a result of the other party's noncompliance." *Id.*; *see also Towne v. Gee Const., LLC*, No. 11-1884, 2014 WL 4981442, at *2 (ordering an award of attorney's fees for noncompliance with a court order enforcing the parties' settlement agreement). Plaintiff's attorney's fees are reasonable and constitute the "least severe sanction" appropriate for defendants' contempt.

5

*See Addington v. Addington*, 77 F. App'x 282, 283-84 (5th Cir. 2003) (an award of $14,568.75, the amount of attorney's fees wife incurred in connection with contempt motion for husband's failure to abide by settlement, was proper, as it was "the least severe sanction" for civil contempt").

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion is GRANTED.  Within seven days, plaintiff shall submit a proposed judgment consistent with this Order and Reasons that incorporates the amounts due pursuant to the settlement agreement, including interest owed by defendants, as well as the amount of attorney's fees plaintiff incurred in bringing this motion.  The Court retains jurisdiction over the matter to enforce the payments as they become due to plaintiff.

New Orleans, Louisiana, this __13th__ day of December, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE